Mr. Justice James
delivered the opinion of the court.
In the case of Sarah Morrow against Henry D. James and others. A bill was filed demanding the settlement of the account of a building association, and for the payment to the complainant of the moneys paid in by her with interest thereon at the rate of ten per cent. She sets forth the description of this association, naming a large number of stockholders, states the fact that, under one of the articles of the association, she had made payments of more than a dollar a month; that is to say, payments for the half year on two different occasions, becoming entitled thereby, under article 6 of the association, to eight per cent, on those payments. She then claims, under another article, the right of withdrawal or of restitution to her of her payments with ten per cent, per annum unless it shall appear, on the settlement of the accounts, that the association has sustained losses and has not made profits with the result of cutting down the amount to which she would be entitled.
The case was here before on the bill and answer, and at that time we rendered a decree construing the meaning of the provisions of their constitution or articles. The decree was as follows:
“This case coming on to be heard on appeal from the *60 decree rendered at the Special Term, &c., and the court her ing of opinion that the moneys misappropriated by Seth A. Terry, the secretaiy of the defendant, as shown in the proceedings, being the moneys paid into his hands by the individual shareholders, and not paid by him into the treasury of the association, was not a loss of the association within the meaning of the constitution and by-laws thereof.”
The defence set up in the answer which the defendants have attempted to support by proof, was that a large amount of money, probably $25,000, had been lost to the association by embezzlement committed by their secretary. ' It was claimed that these moneys were paid into the treasury; that the secretary was authorized, under the articles of association, to receive the moneys primarily and to turn them over to the treasurer, and that, when they reached the hands of the secretary, they were, therefore, the assets of the association and were in the treasury, though not yet in the hands of the treasurer.
The language of the article referred to, namely section 6 of article 4, is that “the treasurer shall receive all moneys paid into this association, and give his receipt for the same to the secretary.” It is claimed that this language imports that, inasmuch as the treasurer is to give his receipt to the secretary, the moneys are first to be received by the secretary and then paid over to the treasurer. If they are, by virtue of the constitution, received by tbe secretary as its receiving officer, they are already assets of the association, provided they are received according to the constitution in other respects.
We are of opinion that moneys were properly paid to the secretary as the receiving officer of the association, provided (it must be added) they were paid according to the other provisions of the constitution. The provision to which I refer in stating that proviso, is found in article 6, and is as follows: .
“Each stockholder or trustee for each and every share of stock held by him in this association, shall pay into the treasury in lawful money at each and every stated meeting *61 of this association on the second Friday of each month, the sum of one dollar, until his share of the series of stock on which such monthly payment shall be made, shall reach a value of $200, when he shall be paid $200 for each share of the particular series owned by him so maturing, and the stock shall thereupon he cancelled.”
After we had made that decree, by another clause of which we sent hack the case for an accounting to be taken before the auditor upon testimony to he taken by him, the auditor took the testimony and made a report in which he held that certain moneys said to have been paid to the secretary under certain peculiar circumstances, were not assets of the association. The case comes now before us again upon the bill and answer and proofs.
We find that a large amount of money, amounting probably to $25,000, was paid to the secretary, at a room ordinarily occupied by the association at its monthly meetings, but not at a meeting. These moneys he never reported to the treasurer. He gave his receipts according to the regular form used when he received moneys at the meetings. That form was approved and was provided by the association itself. It was a correct form, and we are of opinion that the moneys should be first paid to the secretary and that he should first receipt for them, then that he should turn them over to the treasurer, and that this was a proceeding carefully provided for by the article which I have just read. The object of the arrangement was that both of these officers, the secretary and the treasurer, should be present at the same time that members of the association surrounded' them making their payments, and that everything should be done under observation. That is upon the very face of the article, which says, “ each stockholder shall make this payment into the treasury at each and every stated meeting.” The arrangement furnished complete protection to the treasurer in keeping his accounts and so as to limit his responsibility, and to the parties making the payments.
These payments were made in disregard of that carefully devised protection. They were not made at the meetings *62 when the treasurer and the stockholders in greater or less numbers were present, but the parties paying the money supposed that the secretary would carry out the arrangement afterwards by turning the moneys over to the treasurer. To my mind it is just about equivalent to a payment made to a receiving teller of a bank at his house trusting that he would pay the money into the bank.
This protection furnished to the stockholder and to the treasurer was neglected by the parties making the payments? and itis for them to take the consequences. We are of opinion that the loss sustained by the appropriation of these moneys by this secretary was not therefore a loss of money out of the treasury, and cannot be taken into account in settling the affairs of the association, and that the result is that this complainant is entitled to the full amount, as the account shows, of the money paid by her with ten per cent, thereon. We therefore affirm the report.
The Chief Justice dissented.